## UNITED STATES v. CHISHOLM.
### No. LR–14506-Cr.

District Court, E. D. Arkansas, W. D.

Aug. 8, 1946.

James T. Gooch, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., both of Little Rock, Ark., for petitioner.

Floyd Terral, of Little Rock, Ark., for defendant.

LEMLEY, District Judge.

On July 22, 1946, a warrant was issued by Honorable Lee Miles, United States Commissioner, for the arrest of the defendant, Mrs. Martha Barbara Chisholm, on a charge of knowingly depositing in the post office of the United States at Little Rock, Arkansas, certain obscene letters for mailing and delivery to individuals residing in Little Rock, Arkansas.[1] 18 U.S.C.A. § 334. On the same day the Commissioner held the defendant for the action of the grand jury, and released her on her own recognizance. On July 23d the defendant appeared in open court and expressed a desire to waive indictment and to be proceeded against by information. Whereupon, the Court appointed Honorable Floyd Terral, of Little Rock, Arkansas, as attorney for the defendant, and the case was passed to the following day, at which time the defendant appeared in open court, accompanied by her attorney and by her husband, Mr. John R. Chisholm, and stated that she desired to waive indictment and to be prosecuted by information, as provided in Rule 7 of the Federal Rules of Criminal Procedure for the District Courts of the United States; and, with the consent of her attorney and of her husband, a written waiver was executed by her.

After execution of the waiver of indictment, the United States Attorney suggested

---

[1] The letters, eighty-one in number, were addressed to male and female high school and junior college students.

to the Court that, due to certain actions of the defendant which he had observed, and the peculiar facts and circumstances involved in the offense, he had doubt as to the mental capacity of the defendant to enter a plea or properly defend herself, and asked that the Court instigate an investigation along this line. Thereupon, with the consent of the defendant and of her husband and counsel, the Court committed the defendant to the custody of Dr. A. C. Kolb, Superintendent, State Hospital for Nervous Diseases, Little Rock, Arkansas, for psychiatric examination and report.

Dr. Kolb filed his report herein on August 7, 1946.

Now on this 8th day of August, 1946, comes the United States of America by its United States Attorney, Honorable James T. Gooch, and Assistant United States Attorney, Honorable W. H. Gregory, and comes the defendant, Mrs. Martha Barbara Chisholm, in person and by her attorney, Honorable Floyd Terral, and accompanied by her husband, and a hearing is had for the purpose of determining the present mental competency of the accused, at which hearing Dr. A. C. Kolb testified in person, and there was introduced in evidence his report of the psychiatric examination of the defendant, the conclusions in which report were unanimously concurred in by the members of the staff of the State Hospital for Nervous Diseases, namely, Drs. Hollis, Arkebauer, Sleet, Brown, Poe, Jackson, Kozberg, and Graupner; and the Court, after hearing and considering said report and the oral testimony introduced, doth find that the defendant, Martha Barbara Chisholm, at the time she executed the waiver of indictment herein did not have sufficient mental capacity to comprehend the nature and consequences of her act; and that said waiver is void.

The Court further finds from the evidence that the defendant, Martha Barbara Chisholm, is not in possession of sufficient mental competency at this time to understand the nature of the proceedings against

her and rationally to advise with counsel as to her defense; and that this cause should not proceed further against her.

The Court recommends to the United States Attorney that he endeavor to have the proper State authorities assume immediate custody of the accused.[2]

[2] Later in the day of August 8, 1946, custody of the accused was assumed by the Superintendent of the State Hospital for Nervous Diseases, under authority of Act No. 241 of the Acts of the General Assembly of the State of Arkansas for the year 1943; and on the following day, upon motion of the United States Attorney, the case was dismissed.